**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Daniel Satala,  ) | CIV 08-8137-PCT-MHM (MHB) |
| Petitioner,  ) | **ORDER** |
| vs.  ) | |
| Dora B. Schriro, et al.,  ) | |
| Respondents.  ) | |

Petitioner Robert Daniel Satala, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1.)

Petitioner was convicted in Navajo County Superior Court, case #SO900CR-0087009649, of kidnaping and aggravated assault. He was sentenced to consecutive terms of imprisonment of 21 and 20 years. In his Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an additional Respondent. Petitioner raises three grounds for relief: (1) Petitioner was denied a fair trial, in violation of the Fifth and Fourteenth Amendments; (2) Petitioner's trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments; and (3) Petitioner's appellate counsel was ineffective in violation of the Fourteenth Amendment.

On January 9, 2009, Respondents filed an Answer to Petition for Writ of Habeas Corpus, which is limited to affirmative defenses. (Doc. #11.) In support of their affirmative defenses – statute of limitations and procedural default – Respondents submit 118 pages of exhibits from the state court record. (Doc. #11.)

1     On February 12, 2009, Petitioner filed a "request for production of documents and extension of time to reply to Respondents' ... answer" (Doc. #12). Petitioner requests that Respondents provide him with a free copy of the entire state court record. Petitioner argues that the complete record will demonstrate that his habeas petition is timely. In addition, Petitioner asserts that the complete record is necessary to address Respondents' claim of procedural default. Lastly, Petitioner contends that he needs access to the full state court record to demonstrate (1) that he has been diligent in attempting to exhaust his state court remedies and (2) that the claims he seeks to return to state court to exhaust are colorable.

    First, the Court notes that Respondents have already provided Petitioner with 118 pages of exhibits from the state court record. As Respondents suggest, these documents are all related to their statute of limitations and procedural default affirmative defenses. Second, there is no constitutional or statutory right to a free copy of the state court record on collateral review. See United States v. MacCollum, 426 U.S. 317 (1976) (no constitutional right to a free copy of the record on collateral review). Thus, the Court will deny Petitioner's request for production of documents, in part. The Court will order Respondents to provide Petitioner with a copy, if available, of the Navajo County Superior Court docket in Petitioner's case, so that Petitioner can identify whether or not any documents are responsive to the affirmative defenses raised by Respondents in their Answer to Petitioner's habeas petition. The Court will also grant Petitioner an additional 45 days from the date of this Order to file a reply to Respondents' Answer.

    Accordingly,

    **IT IS ORDERED** that Petitioner's Request for Production of Documents (Doc. #12) is **Denied in Part** and **Granted in Part**;

    **IT IS FURTHER ORDERED** that Respondents provide to Petitioner, if available, a copy of the post-conviction docket from the Navajo County Superior Court in Petitioner's case. If a copy of the docket is not available, Respondents shall provide Petitioner within 10 days of this **ORDER** with a list of all documents in the State's possession that were filed

1  post-conviction in the Navajo County Superior Court, along with the date on which each
2  document was filed;

3      **IT IS FURTHER ORDERED** that Petitioner's request for an extension of time to
4  reply to Respondents' Answer is granted. Petitioner shall file his reply to Respondents'
5  Answer no later than 45 days from the date of this Order.

6      DATED this 30th day of March, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge