**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Daniel Satala, | CIV 08-8137-PCT-MHM (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

Petitioner Robert Daniel Satala, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1.)

Petitioner was convicted in Navajo County Superior Court, case #SO900CR-0087009649, of kidnaping and aggravated assault. He was sentenced to consecutive terms of imprisonment of 21 and 20 years. In his Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an additional Respondent. Petitioner raises three grounds for relief: (1) Petitioner was denied a fair trial, in violation of the Fifth and Fourteenth Amendments; (2) Petitioner's trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments; and (3) Petitioner's appellate counsel was ineffective in violation of the Fourteenth Amendment. Petitioner states that he presented Grounds One and Two to the Arizona Court of Appeals. It is not clear whether Ground Three has been exhausted.

Pending before the Court is Petitioner's motion to stay proceedings and hold in abeyance. (Doc. #4.) In his Motion to Stay, Petitioner requests that if Ground Three is not

properly exhausted that the Court stay consideration of the Petition until Petitioner has presented his claims in Ground Three to the Arizona Court of Appeals. The stay and abeyance of a "mixed petition" – one containing both exhausted and unexhausted claims– is appropriate only when (1) the petitioner has good cause for first failing to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). "[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

The Court will deny Petitioner's motion to stay as premature and with leave to refile once the Court has evaluated and made a determination as to which grounds for relief set forth in his habeas petition, in any, are unexhausted. Accordingly,

**IT IS ORDERED** that Petitioner's motion to stay proceedings and hold in abeyance (Doc. #4) is **DENIED** as premature and with leave to refile.

DATED this 31st day of August, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge